Copy mailed to attorneys for parties by the Court pursuant to Rule 77 of the Federal Rules of Civil Procedures. Shareef pro se

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    **Plaintiff,**

vs.

    Case No. 04-C-810
    (96-Cr-71)

SULTAN SHAREEF,

    **Movant.**

APR 2 5 2005

## DECISION AND ORDER

Movant Sultan Shareef ("Shareef") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence by a person in federal custody. On February 16, 2005, the Court issued a decision and order in this case which, among other things, dismissed the motion as being plainly without merit pursuant to Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Courts and dismissed the action. Judgment was entered that same date.

*Sealed Status*

In that decision and order, the Court questioned whether good cause exists for continuing to maintain the criminal and civil files in this matter under seal.[1] As a result, it directed that no later than March 4, 2005, either party submit a statement explaining why it

---

[1] Docket Nos. 1, 2, 4, part of 7, 9, 11, and 12 of *United States v. Shareef*, Case No. 96-5M (E.D. Wis.) are NOT under seal.

believes there is good cause for continuing to maintain such files under seal and that absent any such statement the files would be unsealed. Shareef filed a statement on March 2, 2005, requesting that the Court continue to maintain the records under seal until he is released from federal custody on the same basis that the Court originally sealed the files. At the Court's direction, the government filed its response to Shareef's position on April 15, 2005.

Having carefully considered the reasons why the case was originally sealed and the the positions of the parties, the Court concludes good cause continues to exist for the sealing of the December 4, 1996, sentencing hearing record. However, good cause no longer exists for maintaining under seal the rest of Shareef's file in Case No. 96-Cr-71 or the file in Case No. 04-C-810. Therefore, Shareef's file in Case No. 96-Cr-71, except for the record of the December 4, 1996, sentencing hearing, is now unsealed. All of Case No. 04-C-810 is also unsealed.

### *Certificate of Appealability*

Shareef has requested a certificate of appealability and submitted a supporting memorandum. Rule 22 of the Federal Rules of Appellate Procedure requires that this Court issue a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) or state why a certificate should not issue. Section 102 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2253(c)(1) to provide that an appeal may not be taken to the court of appeals unless a certificate of appealability is issued. The ADEPA further provides that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1).

As noted in *Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir. 2002), "a certificate of appealability may issue [by a district or circuit judge] . . . only if the applicant has made a substantial showing of the denial of a constitutional right . . . [and the certificate] shall indicate which specific issue or issues satisfy that showing," (quoting 28 U.S.C. § 2253[c] and citing *Williams v. Parke*, 133 F.3d 971, 975 [7th Cir. 1997]). *See also, Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Supreme Court held that under AEDPA, a substantial showing of a denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 [1983]); *See also, Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

In this case, the Court determined that Shareef's entire motion is premised on the Supreme Court's decision the Supreme Court's decision in *Blakely v. Washington*, __ U.S. __, 124 S.Ct. 2531 (2004) and the court of appeals' decision in *United States v. Booker*, 375 F.3d 508 (7th Cir.), cert. granted, __ U.S. __, __ S.Ct. __, 73 U.S.L.W. 3074 (Aug. 2, 2004) and neither decision afforded him a basis for relief. Based on the legal authorities cited in its February 16, 2005, decision and order, this Court concludes that reasonable jurists would not find this Court's rulings debatable. Therefore, the Court will not issue a certificate of appealability.

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

Shareef's file in Case No. 96-Cr-71, except for the record of the December 4, 1996, sentencing hearing, is now **UNSEALED**;

Case No. 04-C-810 is **UNSEALED**; and,

Shareef's request for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin this 25th day of April, 2005.

BY THE COURT

s/ Rudolph T. Randa

**Hon. Rudolph T. Randa**
**Chief Judge**